**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

SAMUEL L. MCMULLIN,
<u>Claimant-Appellant,</u>

and

ONE PARCEL OF REAL PROPERTY
CONTAINING TWO AND SEVENTY-FIVE
ONE THOUSANDTHS OF AN ACRE

(2.075), COMMONLY KNOWN AS "SAM
MELS" NIGHTCLUB,AND LOCATED AT
158A OLD BROADWAY SCHOOL ROAD,
IN BROADWAY TOWNSHIP,IN THE
COUNTY OF ANDERSON, STATE OF
SOUTH CAROLINA,WITH ALL
IMPROVEMENTS THEREON,AND WITH
ALL RIGHTS AND EASEMENTS
APPERTAINING,
<u>Defendant.</u>

No. 99-1416

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CA-94-1061-8)

Submitted: June 30, 1999

Decided: September 17, 1999

Before WILLIAMS and TRAXLER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Samuel L. McMullin, Appellant Pro Se. Robert F. Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Samuel L. McMullin appeals from the district court's order denying his Fed. R. Civ. P. 60(b)(4) motion to set aside a consent order of forfeiture as void. We affirm.

McMullin contends that the contested order of forfeiture is void for three reasons:

> (1) he was not afforded a preseizure notice and hearing as required by United States v. James Daniel Good , 510 U.S. 43 (1993);
>
> (2) the complaint of forfeiture failed to plead sufficient facts to establish probable cause; and
>
> (3) the forfeiture was barred by the five-year statute of limitations set forth in 19 U.S.C. § 1621 (1994).

Addressing the first of these issues, although it appears that McMullin was denied a pre-seizure notice and hearing, a due process violation of this nature does not render the forfeiture void. See United

2

States v. Marsh, 105 F.3d 927, 931 (4th Cir. 1997). Accordingly, the district court did not err in denying Rule 60(b) relief on this basis.

Turning to the lack of probable cause issue, we note that McMullin was provided with notice prior to the forfeiture, as evidenced by his filing of a claim, but that he failed to file an answer. We conclude that this failure constitutes a waiver of his right to challenge the substance of the complaint.

Finally, although the five-year limitations period of 19 U.S.C. § 1621 is applicable to the forfeiture at issue, we note that McMullin did not purchase the defendant property until August 8, 1989. The Government's complaint of April 1994 was therefore timely.

In light of the above, we affirm the district court's denial of McMullin's Rule 60(b)(4) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3